IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL DAVID HOLLOWAY, | : |
| Plaintiff, | : |
| v. | : Case No. 5:23-cv-00001-MTT-MSH |
| COMMISSIONER WARD, *et.al.*, | : |
| Defendants. | : |

## DISMISSAL ORDER

*Pro se* Plaintiff Michael David Holloway, a prisoner confined in Macon State Prison in Oglethorpe, Georgia, filed a 42 U.S.C. § 1983 action. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* (ECF No. 2) and a certified copy of his account statement (ECF No. 7). On February 8, 2023, Plaintiff's motion to proceed *in forma pauperis* was denied due to Plaintiff's ability to pay the full filing fee. ECF No. 8. Specifically, it was found that Plaintiff had $1,834.45 on hand in his prisoner account. *Id*. It was further found that Plaintiff's average monthly deposits for the preceding six months was $454.46. *Id*. Plaintiff was ordered to pay the $402 filing fee and he was given fourteen (14) days to do so. *Id*. Plaintiff failed to respond. Therefore, on March 1, 2023, the Court notified Plaintiff that it had not received a response and ordered him to show cause why his action should not be dismissed for failure to pay the filing fee. ECF No. 9. The Court unambiguously informed Plaintiff that his action would be dismissed if he failed to respond or otherwise address the filing fee. *Id*. Plaintiff was given fourteen (14) days to respond. *Id*.

Plaintiff once again did not pay the filing fee. Instead, he filed a "Pro Se Emergency Motion" dated February 22, 2023, in which he proclaims that "a one time IRS return of $1900$^{00}$ in over 25 years does not remove the 65 year old prisoner from the poor house". ECF No. 10 at 1. Plaintiff attached to his motion a grievance response labeled by Plaintiff as "EXHIBIT A" that showed that a "stimulus check amount of $1,903.25 was deposited in the offender's account on January 17, 2023". ECF No. 10-1. He also "objects to the Magistrate Judge's confirmational bias" and states "[d]oes the Honorable Magistrate truly believe that $1900$^{00}$ elevates the plaintiff out of his indigency". ECF No. 10 at 2. It thus appears that Plaintiff objects[1] to the Magistrate Judge's order denying his motion to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915(a) a district court is allowed to authorize the commencement of a civil action without prepayment of fees or costs if the potential plaintiff has requested leave to proceed without prepayment. A prisoner seeking to proceed without prepayment of filing fees must submit both an affidavit of poverty and "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). "Under subsection (a), the commencement or filing of the suit depends solely on whether

---

[1] "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order with 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.

the affiant is economically eligible. *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir.1976). When considering a motion to proceed *in forma pauperis* filed under § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). A plaintiff's pleadings in support of his request to proceed *in forma pauperis* should demonstrate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

It bears emphasizing that 28 U.S.C. § 1915 creates no absolute right to proceed in civil actions without payment of costs.2 Indeed, to the contrary, the statute conveys only a privilege to proceed to those litigants unable to prepay costs without undue hardship. *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 33 (S.D. Fla. 1984) (citing *Startti v. United States,* 415 F.2d 1115 (5th Cir.1969); *see also Mack v. Petty*, 2014 WL 3845777, at 1 (N.D. Ga. Aug. 4, 2014). While the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Levy*, 607 F. Supp. at 33 (S.D. Fla. 1984) (*citing Evensky v. Wright,* 45 F.R.D. 506, 507–508 (N.D.Miss.1968). 28 U.S.C. § 1915(a), should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack*, 2014 WL 3845777 at *1. Thus, the district court is given

---

[2] Moreover, even when granted *in forma pauperis* status, a prisoner plaintiff's obligation to satisfy the filing fee is not completely absolved. A prisoner plaintiff must make monthly payments to the clerk of court equal to 20% of the deposits made to his trust account during the preceding month until the filing fee has been paid in full. *See* 28 U.S.C. § 1915(b)(2).

wide discretion to decide motions to proceed *in forma pauperis* and should "grant the privilege sparingly" in civil lawsuits. *Martinez*, 364 F.3d at 1306.

Plaintiff's certified account statement simply fails to demonstrate that his professed "poor house" status leaves him unable to prepay the court fees and to provide necessities for himself. *Martinez*, 364 F.3d at 1306. Plaintiff does not allege that anyone depends on him for support, his basic needs are met by the Georgia Department of Corrections, and he plainly has discretionary income at his disposal. *See, e.g., Shephard v. Clinton*, 215 F.3d 1327 (6th Cir. 2000) (unpublished opinion) (holding that district court did not abuse its discretion to deny inmate *in forma pauperis* status where prisoner "could pay the filing fee without depriving himself of the necessities of life" because the "prison system provides for [his] daily care"); *Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (funds derived from other sources such as family and friends are relevant indigency determination); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (affirming district court's dismissal of Plaintiff's action for failure to pay a filing fee when trust fund statement showed Plaintiff received money regularly from family members and spent the money on discretionary items as opposed to paying the filing fee). Here, Plaintiff not only had over $1800 on hand in his prison account after the deposit of a tax refund check, but he has also collected nearly $850 from family and/or friends in a six-month period prior to pursuing this lawsuit. *See* ECF No. 7 at 2. After review, the Court finds that the Magistrate Judge's Order denying Plaintiff's motion to proceed *in forma pauperis* (ECF No. 8) was not clearly erroneous or contrary to law. Accordingly, Plaintiff's objection

(ECF No. 10) is **REJECTED**, and the Magistrate Judge's Order finding Plaintiff non-indigent and ordering payment of the filing fee (ECF No. 8) is **AFFIRMED**.

Furthermore, a preliminary review of Plaintiff's action found many deficiencies with his complaint including time-barred allegations, shotgun pleading, respondent superior claims, and improperly joined claims. *See* ECF No. 4. Rather than recommending dismissal, the Magistrate Judge afforded the Plaintiff an opportunity to amend his complaint to remedy the defects. *Id*. at 5. Plaintiff was also presented a detailed roadmap on how to aptly allege a claim against a Defendant and was provided with the Court's standard form on which to amend his complaint. *Id*. at 6-9. Plaintiff was cautioned that "the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his current incarceration". *Id*. at 6. Lastly, Plaintiff was unambiguously advised that "[i]f Plaintiff fails to follow the instructions of this Court Order, his complaint will be dismissed". *Id*. at 8. Thereafter, Plaintiff was ordered to recast his complaint and to use the Court's standard form for § 1983 complaints to do so. *Id*. Plaintiff was given fourteen days to submit his recast complaint as instructed. *Id*.

Plaintiff did not comply with the Court's order and instead submitted an "Amendment to 1983 Initial Filing" in which he raises additional unrelated claims. ECF No. 5. He also filed a "Plaintiff's response to Magistrate Judge's 1/18/23 order" where he once again raises unrelated claims in a shotgun pleading. *See* ECF No. 6. Plaintiff never submitted a recast complaint on the Court's standard form that complied with this Court's

order or the Federal Rules of Civil Procedure nor did he even attempt to follow the sage guidance provided by the Magistrate Judge regarding how to rightly plead a claim. *See* ECF No. 4.

Because Plaintiff has failed to comply with the Court's orders in the recasting of his complaint and payment of filing fees (ECF Nos. 4, 8, and 9), this complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Greene v. Hub*, No. CV 1:22-00078-JB-N, 2022 WL 1397202, at *3 (S.D. Ala. Apr. 11, 2022), *report and recommendation adopted sub nom. Greene v. Cube Hub*, No. CV 1:22-00078-JB-N, 2022 WL 1321282 (S.D. Ala. May 3, 2022) (citing *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial."); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (*citing* Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist*., 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED,** this 27th day of March, 2023.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL., CHIEF JUDGE
UNITED STATES DISTRICT COURT