IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL DAVID HOLLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER WARD, *et.al.*,<br><br>Defendants. | Case No. 5:23-cv-00001-MTT-MSH |

## ORDER ON MOTION FOR RECONSIDERATION

*Pro se* Plaintiff Michael David Holloway, a prisoner confined in Macon State Prison in Oglethorpe, Georgia, filed a 42 U.S.C. § 1983 action. ECF No. 1. A preliminary review of Plaintiff's action found many deficiencies with his complaint including shotgun pleading, time-barred allegations, respondent superior claims, and improperly joined claims. *See* ECF No. 4. Therefore, Plaintiff was ordered to recast his complaint on the Court's standard form within fourteen days and was provided with instructions on how to do so. *Id*. The Court never received an amended complaint from the Plaintiff.

Plaintiff also filed a motion to proceed *in forma pauperis* (ECF No. 2) which was denied due to Plaintiff's ability to pay the full filing fee (ECF No. 8). Plaintiff was ordered to pay the $402 filing fee and he was given fourteen (14) days to do so. ECF No. 8. Plaintiff failed to respond. Therefore, on March 1, 2023, the Court notified Plaintiff that it had not received a response and ordered him to show cause why his action should not be dismissed for failure to pay the filing fee. ECF No. 9. Plaintiff was given fourteen (14)

days to respond to the order to show cause or otherwise pay the fee. *Id*. On March 1, 2023, Plaintiff responded with a pleading that objected to this Court's denial of his motion to proceed *in forma pauperis*. ECF No. 10. On March 27, 2023, this Court rejected Plaintiff's objection and affirmed the Magistrate Judge's Order finding Plaintiff non-indigent and ordering payment of the filing fee. ECF No. 11. Because Plaintiff had not paid the filing fee and had not recast his complaint as ordered, this civil action was dismissed. *Id*. Judgment was entered for the Defendants. ECF No. 12.

Now pending before the Court is Plaintiff's "Motion of Notice" in which he attaches a copy of his inmate account and "moves the Court to update the status of the case". ECF No. 15. Plaintiff's motion is construed as a Motion for Reconsideration of this Court's Order which dismissed this civil action. Plaintiff does not indicate whether he seeks reconsideration pursuant to Federal Rule of Civil Procedure 59 or Federal Rule of Civil Procedure 60. The Court will thus construe Plaintiff's motion as being brought under Rule 60 due to the date this motion was presented to the Court. Fed. R. Civ. P. 60(b) states that:

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Here, Plaintiff's civil action was dismissed, in part, for a failure to pay the filing fee. ECF No. 11. However, Plaintiff has presented evidence that the court's fees were deducted from his prison account prior to the dismissal of this action. *See* ECF No. 15-1 at 1. The Court has received those fees. However, due to a docketing error, the funds were not credited to this civil action. Those funds have now been docketed in this case as having been received prior to dismissal. Thus, relief from judgment is justified under Rule 60(b)(6). Accordingly, Plaintiff's motion for reconsideration (ECF No. 15) is **GRANTED** and the Court **VACATES** its prior Dismissal Order (ECF No. 11) and Judgment (ECF No. 12). This civil action is now **RECOMMITED** to the United States Magistrate Judge for preliminary matters pursuant to the order referring this case to the Magistrate Judge. *See* ECF No. 3.

However, the Court remains concerned that Plaintiff failed to submit a recast complaint as previously ordered on January 18, 2023. ECF No. 4. The Clerk of Court is **DIRECTED** to forward a copy of that order to recast (ECF No. 4) and the Court's standard form for §1983 complaints to Plaintiff along with a copy of this Order. Plaintiff is **ORDERED** to submit his recast complaint to this Court as instructed by the Court's order to recast within **FOURTEEN (14) DAYS** from the date below. This will be Plaintiff's final opportunity to submit a complaint that abides by the Federal Rules of Civil Procedure,

3

complies with the order of this Court, and that states a claim for which relief may be granted.

**SO ORDERED and DIRECTED**, this 28th day of June, 2023.

S/ Marc T. Treadwell

MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT