IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID HOLLOWAY, | : | |
| Plaintiff, | : | |
| | : | Case No. 5:23-cv-00001-MTT-MSH |
| v. | : | |
| COMMISSIONER WARD, *et.al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |

## ORDER AND RECOMMENDATION

Presently pending before the Court is Plaintiff's "Second Statement of Claim". ECF No. 20. For the reasons discussed below, Plaintiff's "Second Statement of Claim" shall be construed as an amended complaint. The Report and Recommendation signed on August 11, 2023 (ECF No. 19) is therefore **VACATED** and Plaintiff's amended complaint (ECF No. 20) is now ripe for preliminary review. Based on this review, it is now **RECOMMENDED** that Plaintiff's complaint be dismissed for failure to obey an order of the court and for failure to state a claim.

### DISCUSSION

**I.      Procedural History**

Plaintiff initiated this civil action on January 4, 2023 by filing a complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a statutorily incomplete motion to proceed *in forma pauperis*. ECF No. 2. On January 18, 2023, this Court conducted a preliminary review of Plaintiff's complaint and found many deficiencies including time-

barred allegations, shotgun pleading, respondent superior claims, and improperly joined claims. *See* ECF No. 4. Thus, Plaintiff was ordered to recast his complaint and provided with instructions on how to do so. *Id*. Plaintiff was further ordered to pay the filing fee or submit a certified copy of his inmate trust account for the preceding six months in support of his motion to proceed *in forma pauperis*. *Id*. Plaintiff was given fourteen days to comply with the Court's order. *Id*. On February 2, 2023, Plaintiff submitted a certified account statement that revealed Plaintiff's ability to pay the filing fee. ECF No. 7. Therefore, on February 8, 2023, the Court denied Plaintiff's motion to proceed *in forma pauperis* and Plaintiff was ordered to pay the filing fee. ECF No. 8.

    Plaintiff's complaint was later dismissed on March 27, 2023 for failure to pay the filing fee and failure to submit a recast complaint as ordered. ECF No. 11. Thereafter, Plaintiff filed a motion for reconsideration. ECF No. 15. Plaintiff's motion for reconsideration was granted because Plaintiff had indeed paid the filing fee prior to the dismissal of this action. *See* ECF No. 16. But because Plaintiff had still not submitted a recast complaint, he was once more ordered to submit a recast complaint and provided instructions on how to do so. *Id*. Plaintiff then submitted his recast complaint. ECF No. 17. However, Plaintiff failed to include a statement of claim within his recast complaint. *See id*. On July 20, 2023, Plaintiff was provided one more opportunity to submit an amended complaint to this Court that complied with this Court's orders and that stated a claim for which relief may be granted. ECF No. 18. Plaintiff was given fourteen days to do so. *Id*. The time to submit another amended complaint passed on August 7, 2023 with Plaintiff filing no amended complaint. Therefore, on August 11, 2023, this Court

conducted a review of Plaintiff's recast complaint (ECF No. 17) and recommended dismissal of Plaintiff's claims for failure to state a claim for which relief may be granted. ECF No. 19.

On August 21, 2023, the Court received a pleading from Plaintiff dated August 10, 2023 and captioned "Plaintiff's Second Statement of Claim". ECF No. 20. Because Plaintiff's "Second Statement of Claim" predates this Court's Report and Recommendation, it logically cannot be taken as an objection to the recommendation of dismissal. And although Plaintiff's "Second Statement of Claim" is dated several days beyond the terminal date that Plaintiff was provided to submit an amended complaint (*see* ECF No. 18), this Court will graciously accept Plaintiff's "Second Statement of Claim" (ECF No. 20) as his final amended complaint. Therefore, the August 11, 2023, Report and Recommendation to dismiss Plaintiff's previous amended complaint (ECF No. 19) is now moot. This Court therefore vacates that Report and Recommendation so that the Court can conduct a preliminary screening of Plaintiff's claims, as supplemented by the allegations made in his now accepted amended complaint (ECF No. 20).

**II.    Preliminary Screening of Plaintiff's Claims**

A. Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same.

When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B. Factual Allegations

As a preliminary matter, there have been many complaints and supplements filed in this civil action that set forth allegations by the Plaintiff. *See* ECF Nos. 1, 5, 6, 10, 17, and 20. In this Court's order to recast, Plaintiff was specifically instructed that an amended complaint supersedes or otherwise takes the place of previous complaints. ECF No. 4 at 5; Therefore, the Court will only consider the allegations presented in Plaintiff's most recent complaint (ECF No. 20) to determine whether Plaintiff has stated any claim for which relief may be granted. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982); *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint).

Plaintiff's claims arise from his incarceration at Macon State Prison. ECF No. 20 at 2. Plaintiff states that he "brings eight claims to this Court in his case against the two defendants – T. Ward and T. Smith". *Id.* Plaintiff complains that beginning in November 2018 until spring of 2022, "Plaintiff and all other prisoners at Macon State Prison have not

5

had access to the courts and thereby the right to due process and equal protection under the law." *Id*. Plaintiff states that Macon State Prison was "placed on a complete lockdown status" and he "had no access to the general/ law library, no access to a mailbox, no access to the mailroom or legal mail, no yard call (NO EXERCISE), no church services". *Id*. Plaintiff complains that the prison uses cell phone jammers. *Id*. He claims that the prison has staff shortages and black mold which are a threat to his health. *Id*. Plaintiff then complains that "since filing the initial claim", he has had property stolen by another inmate. *Id*. at 3-4.

Lastly, Plaintiff's complaint is interlaced with his grievances regarding this Court including allegations of a "failure to act impartially" and that he "screams malarky" at the Court labeling his initial complaint a shotgun pleading. *Id*. at 1 and 4. Plaintiff states that he wants his day in court and requests that the Court "accept this claim, move the case forward and order the defendants face the claims against them." *Id*. at 5.

    III.    <u>Plaintiff's Claims</u>

        *A. Dismissal warranted for failure to comply with an order of the Court*

On January 18, 2023, Plaintiff was ordered to recast his complaint on the Court's standard form for § 1983 complaints and was provided with a form to do so. ECF No. 4 at 8. Plaintiff was further advised that his claims were unrelated and that he would not be permitted to join unrelated claims in his recast complaint. *Id*. at 6-7. Plaintiff was specifically instructed that "[i]f the Plaintiff wishes to pursue unrelated claims, then he is advised that these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above

Civil Action number." *Id*. at 7. Lastly, he was forewarned that "[i]f Plaintiff fails to follow the instructions of this Order, his complaint will be dismissed." *Id*. at 8. Plaintiff failed to submit his recast complaint as ordered.

In the order from June 28, 2023 that granted Plaintiff's motion for reconsideration of a previous dismissal of this case, Chief Judge Marc T. Treadwell again ordered Plaintiff to recast his complaint. ECF No. 16 at 3. In doing so, Judge Treadwell stated that "the Court remains concerned that Plaintiff failed to submit a recast complaint as previously ordered on January 18, 2023." *Id*. Plaintiff was again mailed a copy of this Court's standard form for § 1983 complaints and was ordered to submit his recast complaint as previously instructed by the Court's order to recast. *Id*. Plaintiff was advised that "[t]his will be Plaintiff's final opportunity to submit a complaint that abides by the Federal Rules of Civil Procedure, complies with the order of this Court, and that states a claim for which relief may be granted." *Id*. at 3-4. On July 14, 2023, Plaintiff submitted a recast complaint that did not comply with the Court's orders. ECF No. 17. Specifically, Plaintiff failed to include a statement of claim telling the Court what action each Defendant took to violate Plaintiff's civil rights. *See id*.; ECF No. 4 at 6 ("[i]t is also directed that … Plaintiff list numbered responses to the following questions… [w]hat did this Defendant do (or not do) to violate your rights…[w]hen and where did each action occur… [h]ow were you injured"…). Plaintiff was even cautioned that "if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed" and that if he "fails to follow the instructions of this Order, his complaint will be dismissed." ECF No. 4 at 8.

However, again rather than Plaintiff's action being dismissed for failure to follow a court order and for failure to state a claim, this Court gave Plaintiff another opportunity "to submit a recast complaint that sets forth a claim and that complies with the Federal Rules of Civil Procedure and this Court's orders." ECF No. 18 at 2. Now before the Court is Plaintiff's present recast complaint that is not on the Court's standard form and that raises many of the same vague, conclusory and unrelated claims from Plaintiff's original complaint from January 4, 2023 including an unidentifiable claim regarding "the attendant problems" of staff shortages, "no access to the mail room or legal mail" claim, lost property claims, the use of "cell phone jammers" being a "threat to the plaintiff's health" claim, and conditions of confinement claim about "no yard call" and mold. *See* ECF Nos. 1 and 20.

Plaintiff has been repeatedly ordered that he must submit his complaint on the Court's standard form and has been provided with forms to do so. *See* ECF Nos. 4, 16, 18. Additionally, Plaintiff has been advised that his numerous unrelated claims could not be joined under one civil number in violation of the Federal Rules of Civil Procedure. *See* ECF No. 4 and 16. Lastly, Plaintiff has been repeatedly forewarned that if he failed to comply with a Court order, his action could be dismissed. *See* ECF Nos. 4, 16, and 18. Indeed, this civil action was previously dismissed for failure to obey the Court's orders. ECF No. 11 at 6 ("Because Plaintiff has failed to comply with the Court's orders in the recasting of his complaint and payment of filing fees (ECF Nos. 4, 8, and 9), this complaint is DISMISSED WITHOUT PREJUDICE.").

Plaintiff has responded to this Court's orders and directions by accusing this Court of a "failure to act impartially" and taking offense at the finding that his initial complaint

8

was a shot gun pleading. ECF No. 20. Plaintiff boldly asserts that he should be allowed to tell his "story" as he sees fit and that direction from the Court that otherwise tries to advise him of the Federal Rule of Civil Procedure and governing legal precedent is "malarky". *See* ECF No. 20. Plaintiff has been provided with numerous chances to comply with this Court's orders including several opportunities to amend his complaint and having the previous dismissal of his civil action vacated. See ECF Nos. 4, 16, 18. Nonetheless, Plaintiff has once again filed a pleading that disregards this Court's order to submit his complaint on the Court's standard form and not to join unrelated claims. ECF No. 20.

"A district court … has the inherent ability to dismiss a claim in light of 'its authority to enforce its orders and provide for the efficient disposition of litigation.'" *Lewis v. Fla. Dep't of Corr.*, 739 F. App'x 585, 586 (11th Cir. 2018) (citing *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006)). A "district court need not tolerate defiance of reasonable orders." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (citing *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)). "Dismissal may be within the discretion of a district court when a litigant is 'repeatedly and stubbornly defiant,' demonstrating 'a refusal to acknowledge the authority of [a] magistrate and indicate[s] no willingness to comply with court orders.'" *Id.* (citing *Moon v. Newsome*, 863 F.2d 835, 837-39 (11th Cir. 1989)).

Accordingly, it is **RECOMMENDED** that Plaintiff's civil action be **DISMISSED without prejudice** for failure to comply with the orders of the Court. *See* Fed. R. Civ. P. 41(b); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice

9

prisoner's *pro se* § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

### B. *Dismissal warranted pursuant to § 1915A for failure to state a claim*

In the preliminary review of Plaintiff's initial complaint, this Court noted that Plaintiff "complains about everything from the grievance procedure, to staff shortages, to not being provided an individual mailbox, to 'cellphone jammers' being used in the prison, to lack of 'yard call,' to attacks on other inmates to changes, to changes to his medications in 2017, to denial of 'incentive meal' for 'all of M-building,' and so forth" and that "[m]any of these complaints are attributed to the Defendants based solely on their supervisory capacities."  ECF No. 4 at 2.  That complaint was held to be a shotgun pleading due to Plaintiff's failure to comply with Rule 8 and Rule 10(b) of the Federal Rules of Civil Procedure.  *Id*. at 3-5.  In particular, the Court found that Plaintiff had "asserted multiple, unrelated claims against supervisory defendants, without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants each claim is brought against" and that the Plaintiff had not stated his claims in paragraphs that were limited to a single set of circumstances.  *Id*. at 3-4.  Thus, Plaintiff's complaint "fail[ed] … to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" and "present[ed] conditions where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'"  *Id*. at 4 (citations omitted).

In addition, Plaintiff was advised that his claims have been "attributed to the Defendants based solely on their supervisory capacities." *Id*. at 2.  He was then instructed that:

> Plaintiff's complaint is not sufficient to establish any § 1983 claim against Commissioner Ward or Warden Smith.  First, there are no allegations within the body of the complaint which implicate these Defendants in committing any unconstitutional act.  *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").  Second, if Plaintiff is pursuing his claims against these Defendants based solely on their supervisory roles, then Plaintiff is advised that supervisors are only liable under § 1983 if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.  *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

*Id*. at 3 n.1.

After multiple attempts to amend the complaint, Plaintiff's present complaint is essentially indistinguishable from his original complaint and thus suffers from the same deficiencies. *Compare* ECF No. 20 *with* ECF No. 1. For instance, and as previously discussed, Plaintiff raises many of the same unrelated claims from his original complaint about prison staff shortages, access to the mailroom, access to the law library, lost property, use of "cell phone jammers", lack of yard call, lack of church services, and mold in the M building. ECF No. 20. "[A] complaint must . . . contain either direct or inferential allegations" from which the court can identify the "material elements" necessary to sustain a recovery under some viable legal theory. *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice. *Iqbal*, 556 U.S. at 663. Plaintiff's present statement of claim is nothing more than a laundry list of grievances that remains vague, conclusory, and fails to factually link any claim to the named Defendants. At best, Plaintiff asserts that the Defendants are liable under § 1983 via their supervisory roles as Commissioner of the Georgia Department of Corrections and as Warden when he states that they are "directly responsible for the depravation, degradation, and devolvement of the conditions at MSP." ECF No. 20 at 3. However, this conclusory declaration by Plaintiff is not sufficient to connect these Defendants to any claim whether as supervisors or not. As Plaintiff was previously advised, supervisory officials are not liable under § 1983 on the basis of respondeat superior or supervisory liability. *See* ECF No. 4 at 3. Supervisors are liable under § 1983 only if they personally participate in a constitutional

violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating*, 598 F.3d at 762. Supervisory officials also cannot be held liable for the unconstitutional acts of their subordinates absent evidence of a causal link between the supervisor and a constitutional deprivation. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Here, Plaintiff has further failed to establish any claim against Defendants Ward and Smith under the doctrine of respondent superior. *See Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) ("Averhart's contention that . . . defendants are legally responsible for his safety is just a legal conclusion: it is not a meaningful factual allegation and, therefore, is insufficient to preclude dismissal."). Due to the vague and conclusory nature of Plaintiff's claims and his failure to state a viable claim against the Defendants, Plaintiff's complaint is subject to dismissal. *See* § 1915A(b); *Douglas*, 535 F.3d at 1322 (11th Cir. 2008) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1234, at 381–85 (3d ed 2004) ("[A] complaint will be held defective ... if [it] fails to connect the defendant with the alleged wrong."); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

Lastly, Plaintiff has failed to set forth the essential elements for many of his claims even if they were to be linked to a Defendant. For instance, he alleges that he "and all other prisoners at Macon State Prison have not had access to the courts and thereby the right to due process and equal protection under the law". ECF No. 20 at 2. First, Plaintiff has no standing to file suit on behalf of other prisoners. *See Massimo v. Henderson*, 468 F.2d

13

1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of a prisoner's complaint that sought relief on behalf of the prisoner's fellow inmates).[1]  Moreover, as to Plaintiff's claim of no access to the courts, lack of law library time, and lack of access to the mailroom, Plaintiff has failed to demonstrate the actual injury necessary for an access to courts claim under the First Amendment.  *See Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)) ("To have standing to seek relief under this right, however, a plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'"); *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010) ("The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts.").  Similarly, he has failed to demonstrate how he has been injured by the use of cell phone jammers in the prison whilst prisoners are traditionally prohibited from possessing cell phones in the first place.  Additionally, he has failed to link staff shortages to any type of Eighth Amendment claim.  *See generally*, *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (finding that a plaintiff must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation" to establish a § 1983 claim for deliberate indifference); *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (discussing that a "mere possibility" of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

harm is not enough to state an Eighth Amendment claim); *Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga,* 400 F.3d 1313, 1323 (11th Cir. 2005) (finding that a risk of harm to some degree always exists by the nature of being incarcerated in a jail or prison).  As to his lost property claims, theft of property is not a viable claim under § 1983 and especially when that theft is carried out by another inmate.  *See generally*, *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation);  *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014).  And lastly, Plaintiff's allegations regarding mold in the M building, lack of church services, and lack of yard call are presented as a list of wrongs and are entirely devoid of any factual support to state a claim.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (vague and conclusory allegations are subject to dismissal).

For all the reasons set forth above, it is further **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. §1915A(b)(1).

## CONCLUSION

Based on the foregoing, Plaintiff's "Second Statement of Claim" (ECF No. 20) is construed as an amended complaint that renders this Court's August 11, 2023, Report and Recommendation (ECF No. 19) now moot.  Therefore, this Court's previous Report and

Recommendation (ECF No. 19) is **VACATED.**  Upon review of Plaintiff's amended complaint (ECF No. 20), it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for failure to comply with this Court's orders.  It is further **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim for which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States Chief District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED,** this 1st day of November, 2023.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE