**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **MICHAEL DAVID HOLLOWAY,** ) | |
| ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:23-cv-1 (MTT)** |
| ) | |
| **Commissioner TIMOTHY WARD, *et al.,*** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

*Pro se* Plaintiff Michael David Holloway, a prisoner in Macon State Prison in Oglethorpe, Georgia, initiated this civil action on January 4, 2023, by filing a complaint seeking relief under 42 U.S.C. § 1983. ECF 1. Plaintiff was provided with multiple opportunities to file a complaint that complied with Federal Rules of Civil Procedure and that stated a claim for which relief could be granted. *See* ECF 4, 16, 17, 18, 19, 20, 21. On August 21, 2023, Plaintiff submitted a fourth complaint in this case. ECF 20.

On November 1, 2023, Magistrate Judge Stephen Hyles recommended to this Court that Plaintiff's complaint be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the orders of the Court and pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim for which relief may be granted. ECF 21. On December 7, 2023, this Court reviewed the record in this case as well as the Magistrate Judge's Recommendation and adopted the same as the Order of the Court, thereby dismissing this civil action. ECF 23. Judgment was entered. ECF 24. Now before the Court is Plaintiff's motion for reconsideration of judgment. ECF 25.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. "In the interests of judicial efficiency and finality of decisions, 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2020) (quoting *Groover v. Michelin North America, Inc*., 90 F.Supp.2d 1236, 1256 (M.D. Ala. 2000)).

Plaintiff requests reconsideration of judgment under Rule 60 of the Federal Rules of Civil Procedure. ECF 25 at 1. Rule 60 provides for a motion for relief from judgment based on:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Given that the movant filed this motion for reconsideration (ECF 25) more than two years after the entry of judgment (ECF 24), this leaves the only grounds for relief from judgment in this case to be "the judgment is void; . . . the judgment has been satisfied, released or discharged, . . . or any other reasons that justifies relief." Fed. R. Civ. P. 60(b)(4)–(6). Plaintiff has not shown relief is warranted based on the existence of any of

-3-

these factors. In fact, Plaintiff provides no grounds at all for reconsidering the judgment in a case that has been closed for well over two years. *See* ECF 25. Instead, Plaintiff raises new claims based on events that have occurred subsequent to judgment in this case, and he does so in the same shotgun pleading style that contributed to the dismissal of this action. *Id*. Thus, to any extent Plaintiff asks the Court to reopen or reconsider this civil action, the motion is **DENIED**. If Plaintiff wishes to bring claims as to events that have happened since judgment was entered in this case, then he must do so by filing a complaint on the Court's standard forms for prisoner complaints under a new civil action number.

      **SO ORDERED**, this 16th day of April, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-3-